**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GEORGE L. MOST,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-493-NJR** |
| | ) | |
| **R. WATSON, Sheriff, St. Clair County,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner George Most, an inmate at the St. Clair County Jail ("the Jail"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 on May 28, 2020, seeking immediate release on bond pending his sentencing. (Doc. 1). He asserted that his pre-sentencing detention was indefinitely delayed, some inmates at the Jail had tested positive for COVID-19, Respondent is not taking adequate measures to prevent him from becoming infected, and his health conditions place him at risk of serious or deadly complications if he should contract the coronavirus. Respondent filed a Motion to Dismiss (Doc. 22). Most then sought to expand or modify his original Petition to add parties and convert this action to one under 42 U.S.C. § 1983 (Doc. 24). The Court denied that request. (Doc. 26). The Court then received Most's Response to the Motion to Dismiss.[1] (Doc. 28).

### BACKGROUND

At the time Most filed this action, he was awaiting sentencing after having pled guilty to

---

[1] Because Most's Response to the Motion to Dismiss was signed on June 21, 2020 (Doc. 28, p. 13), it is apparent that Most filed the Response before he could have received this Court's Order denying his Petition to Expand/Modify this action. (Doc. 26, entered June 26, 2020).

1

attempted burglary on March 6, 2020. He had been in custody since November 2019. Most's sentencing had been set for April 17, 2020, but was postponed due to the COVID-19 outbreak. (Doc. 1, p. 3). Most speculated that his sentencing might not take place for another 6 weeks or more. (Doc. 1, pp. 7, 13). He had been taken to the hospital on May 2, 2020, for elevated blood pressure and respiratory distress. Upon his return to the Jail, he was not allowed to keep his face mask and was not quarantined, contrary to his doctor's discharge instructions; he continued to have breathing problems. Most is 56 years of age, is overweight, and has been diagnosed with bronchitis.

## DISCUSSION

Because Most had not been sentenced when he brought this claim, this Court determined he was still a pretrial detainee, thus his Habeas Petition properly invoked 28 U.S.C. §2241. (Doc. 9, pp. 1, 3-4). This is no longer the case, however, as Most was sentenced on June 10, 2020 to a 2-year term of imprisonment in the Illinois Department of Corrections ("IDOC"). (Doc. 22, p. 2; Doc. 22-1, pp. 51-52).[2] He is now in custody pursuant to the Judgment of conviction of a State court. However, he remains at the Jail because the IDOC has suspended transfers of new prisoners to the state prisons. (Doc. 28, p. 7; Doc. 24, pp. 1-2).

Respondent argues that the Habeas Petition has become moot, because Most requested relief "in the form of his release on bond pending sentencing." (Doc. 1, p. 13; Doc. 22, pp. 7-8). The Court agrees. Because Most has now been sentenced, he is not a pretrial detainee and the particular remedy he sought is no longer available to him.

Furthermore, under 28 U.S.C. § 2254(b), this Court cannot grant an application for a writ of habeas corpus from a convicted state prisoner unless he has first "exhausted the remedies

---

[2] Most was given credit against his sentence for 209 days in custody prior to the imposition of sentence. (Doc. 22-1, p. 51).

2

available in the courts of the State;" "there is an absence of available State corrective process;" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) & (B). Given Most's current status, this provision applies to him even though the Petition was originally brought under Section 2241. In order to exhaust a claim, a habeas petitioner must provide the state courts with an opportunity to resolve his constitutional challenge "by invoking one complete round of the state's established appellate review process" before seeking federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, (1999).

Most has filed a motion for sentence modification in the state court which is still pending; the pleadings suggest that the purpose of that motion is to seek sentence credit that may be awarded to IDOC inmates nearing the end of their sentences. (Doc. 28, p. 6; Doc. 24, pp. 4-5; Doc. 24-1, pp. 2-7). The sentence credit matter is not a subject of the instant habeas action, which seeks release from the Jail due to the health risks Most faces there from exposure to the COVID-19 virus. (Docs. 1, 26). Most does not claim to have filed any request in state court (or with IDOC administrators) for a medical furlough, home detention, or other relief which might result in his earlier release or transfer from the Jail based on the claims raised in the Petition. Until he does so and pursues any unsuccessful outcome through the state appellate and supreme courts, Most will not have exhausted his claim for release as required by 28 U.S.C. § 2254(b)(1)(A).

Most asserts that the exhaustion requirement should be waived in his case, because of the state court's "animosity" toward him and its "profound reluctance to hear his motions." (Doc. 28, p. 6). The state court never set a hearing on Most's *pro se* requests for bond reduction filed in April 2020 while he awaited sentencing. (Doc. 28, pp. 4, 6; Doc. 22-1, pp. 41-47). But Most filed those *pro se* motions while he was still represented by counsel, and now that he has been sentenced the matter of bond pending sentencing is moot. Neither the Petition nor Most's Response demonstrate

3

that he has filed any state court pleading or motion based on the COVID-19 risk after the state judgment was entered. It thus appears that Most still has procedures available to him under Illinois law to raise the question of his right to release due to these health concerns. *See* 28 U.S.C. § 2254(c). On this record, this Court cannot conclude that Most has exhausted his claims in state court or that circumstances exist that make the state court process ineffective for him to seek relief there.

In addition to the exhaustion requirement, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43 (1971), requires a federal court to refrain from interfering with ongoing state criminal proceedings when the prisoner has the opportunity to present his federal claims in state court. Under *Younger*, federal courts must abstain from interference in pending state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982). Exceptional circumstances that involve double jeopardy, a speedy trial violation, or bad faith prosecution may allow a federal court to grant relief even where state proceedings are ongoing; even so, the exhaustion requirement is still a consideration. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Green*, 281 F.3d at 666; (Doc. 9, p. 4). None of those exceptional circumstances is present here.

While a judgment of conviction has now been entered in Most's criminal case, the pleadings indicate that the state proceeding is still ongoing, as his pending motion to reduce sentence is still unresolved. That proceeding is obviously judicial in nature and implicates the

important state interest of enforcing the sentence of incarceration that has been imposed on Most. It appears that Most still has the opportunity to raise his constitutional claims via a state habeas or mandamus proceeding, or possibly post-conviction procedures or an appeal. This matter does not present a situation where "immediate federal intervention is necessary to prevent the challenge [to the legality of Most's custody] from becoming moot." *Sweeney*, 612 F.3d at 573. Accordingly, *Younger* provides further grounds for this Court to refrain from considering Most's claim for habeas corpus relief.

CONCLUSION

For these reasons, George L. Most's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The dismissal is **without prejudice** to Most pursuing his claims in the Illinois state courts, or to bringing a new habeas petition after fully exhausting his claims through the state courts. All pending motions are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Most wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule

59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

CERTIFICATE OF APPEALABILITY

If Most wishes to appeal, as a state prisoner, he must first secure a certificate of appealability. *See Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009); Rule 11 of the Rules Governing Section 2254 Cases. A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would find it debatable whether this Court's ruling dismissing the case is correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:  6/30/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**